KELLY, Circuit Judge,
dissenting.
In my view, Perez’s testimony was substantially more prejudicial than probative, and was therefore inadmissible under Rule 403. The district court concluded that Perez’s testimony was relevant to provide background information about the investigation because Agent Cima testified that L.D.’s disclosure in the interview prompted him to investigate Littlewind. But more than half of Perez’s testimony related to her experience, her interview protocol, and her role as a “neutral party” in forensic interviews. The government established no connection between that portion of the testimony and Agent Cima’s decision to pursue the investigation. The testimony’s minimal probative value was substantially outweighed by its unduly prejudicial impact. Although Perez did not testify to the substance of L.D.’s disclosure, the jury easily could have inferred that L.D. identified Littlewind as her abuser, and that Perez believed L.D. was telling the truth. And Perez’s testimony about her credentials and interview protocol presented a serious risk that the jury would believe she had special insight into the veracity of L.D.’s allegations—improperly bolstering L.D.’s credibility. Further, I do not believe that Perez’s testimony was harmless. Because L.D. and Littlewind were the only two witnesses to the crime for which Lit-tlewind was convicted, the credibility of L.D.’s testimony was of paramount importance to the verdict. Accordingly, I respectfully dissent.